**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Michael Pettinato, #218405, Appellant,

v.

South Carolina Department of Probation, Parole, and Pardon Services, Respondent.

Appellate Case No. 2024-000295

———

Appeal from the Administrative Law Court
Ralph King Anderson, III, Administrative Law Judge

———

Unpublished Opinion No. 2026-UP-385
Submitted July 1, 2026 – Filed July 22, 2026

———

**REVERSED AND REMANDED**

———

Michael Pettinato, pro se.

General Counsel Matthew C. Buchanan, of the South Carolina Department of Probation, Parole, and Pardon Services, of Columbia, for Respondent.

———

**PER CURIAM:** The South Carolina Department of Probation, Parole and Pardon Services (SCDPPPS) denied Michael Pettinato parole following a Parole Board hearing and he appealed the decision to the Administrative Law Court (ALC). The

ALC dismissed the appeal as untimely, and Pettinato appealed the ALC's decision. We reverse and remand.

## BACKGROUND

Pettinato has been imprisoned since 1994 and became parole eligible after serving twenty years. He was scheduled for a hearing before the Parole Board on April 12, 2023, but he requested that the hearing be rescheduled for what he claimed was late notice. His request for a continuance was denied, and the hearing was held *in absentia.* The Parole Board denied Pettinato parole and sent him a notice of rejection.

Pettinato sent a letter to general counsel for SCDPPPS requesting information on how to seek reconsideration and/or file an appeal. He subsequently filed a "Motion to Vacate, or Rehearing, or Reconsideration." The Parole Board denied Pettinato's motion in a letter dated June 12, 2023.

Pettinato sent a letter to an ALC clerk on June 23 requesting the proper forms for filing a notice of appeal. He wrote that counsel for SCDPPPS had denied him the forms and that he did not have access to them at the prison. On July 5, Pettinato mailed the ALC a notice of appeal and certificate of service. The cover letter attached to the notice requested time-stamped copies of the documents and referenced self-addressed, prepaid envelopes included with the filings. Receiving no response, Pettinato attempted to follow up with the court via letters dated August 3, August 17, and September 17.

On September 18, the clerk mailed Pettinato a memorandum confirming that the court had received his filings on July 10. The clerk included with the memo the proper forms for filing a notice of appeal. The following day, Pettinato refiled his notice of appeal using the proper form. On September 25, SCDPPPS confirmed it had received service of Pettinato's notice of appeal on July 12. SCDPPPS moved to dismiss Pettinato's appeal as untimely, and the ALC granted the motion on February 6, 2024. In its order, the ALC stated that Pettinato had not filed his notice of appeal until September 26, 2023, making no reference to the July filing. This appeal followed.

## STANDARD OF REVIEW

The court of appeals may affirm the decision of the ALC or remand the case for further proceedings; or, it may reverse or modify the decision if the substantive rights of the petitioner have been prejudiced because the finding, conclusion, or decision is:

(a) in violation of constitutional or statutory provisions;

(b) in excess of the statutory authority of the agency;

(c) made upon unlawful procedure;

(d) affected by other error of law;

(e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or

(f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

S.C. Code Ann. § 1-23-610(B) (Supp. 2025).

"In determining whether the ALC's decision was supported by substantial evidence, this [c]ourt need only find, looking at the entire record on appeal, evidence from which reasonable minds could reach the same conclusion that the ALC reached." *Rose v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 429 S.C. 136, 142, 838 S.E.2d 505, 509 (2020) (quoting S.C. Code Ann. § 1-23-610(B)).

## DISCUSSION

Pettinato asserts that he filed his notice of appeal with the ALC in a timely manner on July 5, 2023. SCDPPPS argues the appeal was properly dismissed because Pettinato's first notice of appeal was not on an approved form as required by the Administrative Law Court Rules, and therefore he did not perfect his appeal until September 26.

The notice of appeal from a final decision of the Parole Board must be submitted on forms prescribed by the ALC and must be filed and served on all parties within thirty days from receipt of the decision. SCALC Rules 57, 59. Notwithstanding these provisions, "the administrative law judge has the discretion to determine that a document is timely filed upon a finding that the party made a good faith effort to file the document within the applicable time limits." SCALC Rule 62.

This court recognizes that "[a] pro se litigant who knowingly elects to represent himself assumes full responsibility for complying with substantive and procedural requirements of the law." *State v. Burton*, 356 S.C. 259, 265 n.5, 589 S.E.2d 6, 9 n.5 (2003); SCALC Rule 8(A) ("A party proceeding without legal representation shall remain fully responsible for compliance with these Rules and the Administrative Procedures Act."). However, Pettinato is not only a pro se litigant

who is in prison, but he diligently sought to adhere to procedural requirements, as evidenced by his correspondence with SCDPPPS and the ALC. Furthermore, his initial filing appears to contain the identical information required in the approved form, in an almost identical format.

While good faith is a finding left to the discretion of the ALC, it is impossible from the record before us to tell if the ALC considered the July filings and numerous letters from Pettinato because the Order of Dismissal makes no reference to the exhaustive efforts Pettinato made in an attempt to comply with proper procedures. We find that remand to the ALC is appropriate for a determination of whether Pettinato made a good faith effort to file within the deadline.

**CONCLUSION**

Based on the above, we reverse and remand this matter to the ALC for a determination of whether Pettinato made a good faith effort to file his notice of appeal within the applicable time limits, as contemplated by Rule 62. We offer no opinion as to the merits of Pettinato's appeal.

**REVERSED AND REMANDED.**[1]

**THOMAS, KONDUROS, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.